UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

CURTIS WILLIAMS,

                     Movant,

     -against-

UNITED STATES OF AMERICA,

                    Respondent.

--------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 16, 2020
```

19-CV-11402 (KMW)

16-CR-00256 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

      Movant Curtis Williams pleaded guilty to one count of conspiring to distribute and possess with intent to distribute 28 grams or more of cocaine base, and one count of using and carrying a firearm during and in relation to a drug-trafficking crime.   Movant now seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2255.   He claims that his conviction for using and carrying a firearm during and in relation to a drug-trafficking crime is invalid under two recent Supreme Court cases—*Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and *United States v. Davis*, 139 S. Ct. 2319 (2019).   Because *Dimaya* and *Davis* are not applicable to Movant's offense of conviction, the motion is DENIED.

## BACKGROUND

      On January 20, 2017, Movant pleaded guilty to one count of conspiring to distribute and possess with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), and one count of using and carrying a firearm during and in relation to a drug-trafficking crime, which firearm was brandished and discharged, in violation of 18 U.S.C.

§ 924(c).   (ECF Nos. 51, 52[1].)   This Court sentenced Movant to a total of 180 months'
imprisonment.   (ECF No. 66.)

On December 2, 2019, Movant filed a *pro se* motion for a writ of habeas corpus pursuant
to 28 U.S.C. § 2255, arguing that his conviction is invalid under *Sessions v. Dimaya*, 138 S. Ct.
1204 (2018), and *United States v. Davis*, 139 S. Ct. 1319 (2019).   (ECF No. 71.)   The Court
appointed Attorney Ezra Spilke to assist Movant in amending his § 2255 motion.   (ECF No.
73.)   Mr. Spilke reviewed Movant's case and determined that no meritorious arguments could
be added to Movant's motion.   (Civil ECF No. 11 at ¶¶ 30–40.)   Mr. Spilke therefore declined
to file an amended motion on Movant's behalf.   (*Id.*)   The Court ordered the Government to
respond to Movant's *pro se* motion.   (Civil ECF No. 12.)   The Government responded on June
24, 2020.   (ECF No. 79.)

## LEGAL STANDARDS

A motion under 28 U.S.C. § 2255 must be granted if the movant establishes "that the
sentence was imposed in violation of the Constitution or laws of the United States, or that the
court was without jurisdiction to impose such sentence, or that the sentence was in excess of the
maximum authorized by law, or is otherwise subject to collateral attack."   28 U.S.C. § 2255(a).
Relief is available under § 2255 "only for a constitutional error, a lack of jurisdiction in the
sentencing court, or an error of law or fact that constitutes 'a fundamental defect which
inherently results in a complete miscarriage of justice.'"   *United States v. Bokun*, 73 F.3d 8, 12
(2d Cir. 1995) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

The Court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and
the files and records of the case conclusively show that the prisoner is entitled to no relief."   28

---

[1]  All references to Movant's electronic docket refer to Movant's criminal docket unless otherwise specified.

U.S.C. § 2255(b).   "It is within the district court's discretion to determine whether a hearing is warranted."   *Pham v. United States*, 317 F.3d 178, 184 (2d Cir. 2003).

## DISCUSSION

Movant claims that his conviction under § 924(c) for using and carrying a firearm during and in relation to a drug trafficking crime is invalid under *Dimaya* and *Davis*.

Section § 924(c) makes it unlawful to use or carry a firearm "during and in relation to any crime of violence or drug trafficking crime," or to possess a firearm in furtherance of such a crime.   18 U.S.C. § 924(c)(1)(A).   The statute defines "drug trafficking crime" as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. 951 *et seq.*), or chapter 705 of title 46."   *Id.* § 924(c)(2).   The statutory definition of "crime of violence" has two clauses.   The first, known as the "elements clause," covers any felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."   *Id.* § 924(c)(3)(A). The second, known as the "residual clause," covers any felony that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."   *Id.* § 924(c)(3)(B).

*Dimaya* and *Davis* invalidated the residual clause of § 924(c)'s definition of "crime of violence," but left § 924(c)'s definition of "drug trafficking crime" intact.   In *Dimaya*, the Supreme Court held that a residual clause in another statute, 18 U.S.C. § 16(b), is unconstitutionally vague.   *See* 138 S. Ct. at 1223.   In *Davis*, the Supreme Court held that the residual clause of § 924(c)'s definition of "crime of violence"—which is identical to the residual clause of § 16(b)—is also unconstitutionally vague.   *See* 139 S. Ct. at 2336.   The holding of *Davis* was limited to the residual clause of § 924(c)'s definition of "crime of violence."   Thus,

*Davis* has no effect on convictions under § 924(c) where the predicate offense was a "drug trafficking crime," rather than a "crime of violence."   *See In re Navarro*, 931 F.3d 1298, 1302 (11th Cir. 2019); *see also Delva v. United States*, No. 12-CR-802, 2020 WL 2214801, at *4 (S.D.N.Y. May 7, 2020) (Furman, J.).

Here, Movant pleaded guilty to carrying and using a firearm during and in relation to a drug trafficking crime; namely, the narcotics conspiracy to which Movant also pleaded guilty. Therefore, *Dimaya* and *Davis* do not provide a basis for disturbing his conviction or sentence.

## CONCLUSION

For the foregoing reasons, Movant's motion under § 2255 is DENIED.   Because Movant has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue.   *See* 28 U.S.C. § 2253(c)(2).   The Clerk of Court is respectfully directed to close this case.


SO ORDERED.

Dated: New York, New York
July 16, 2020                                                 _____/s/ Kimba M. Wood_____
                                                                            KIMBA M. WOOD
                                                                      United States District Judge

4